UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN, | Case No.: 2:24-cv-01876-APG-BNW |
| Plaintiff | **Dismissal Order** |
| v. | |
| ATTORNEY GENERAL, et al., | |
| Defendants | |

Tyrone Noel Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated. ECF No. 1-1. On October 17, 2024, Magistrate Judge Weksler ordered Nunn to file a fully complete application to proceed in forma pauperis or pay the full $405 filing fee by December 13, 2024. ECF No. 3. Judge Weksler warned Nunn that the action could be dismissed if he failed to file a fully complete application to proceed in forma pauperis with all three documents or pay the full $405 filing fee for a civil action by that deadline. *Id.* at 2. That deadline expired and Nunn did not file a fully complete application or pay the $405 filing fee. Instead, Nunn filed a one-page document listing four different case numbers and labeled the document "in forma pauperis 28 U.S.C. 1915a." ECF No. 4. There is nothing else written on the document. *See id*.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply

with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) my need to manage my docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and my interest in managing my docket, weigh in favor of dismissal of Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about my need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Nunn either files a complete application to proceed in forma pauperis or pays the filing fee, the only alternative is to

enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Nunn needs additional time or evidence that he did not receive Judge Weksler's order.

Moreover, Nunn has filed over 80 pro se lawsuits in this district since July 2023.[1] Dozens of these lawsuits have been dismissed because Nunn failed to correct fundamental defects with them such as paying the filing fee or filing a complete application to proceed in forma pauperis. Thus, Nunn has been informed numerous times how to file a complete application to proceed in forma pauperis. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these factors, I find that they weigh in favor of dismissal.

I THEREFORE ORDER that this action is dismissed without prejudice based on Nunn's failure to file a complete application to proceed in forma pauperis or pay the $405 filing fee in compliance with Judge Weksler's October 17, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Nunn wishes to pursue his claims, he must file a complaint in a new case and pay the filing fee or file a complete application to proceed in forma pauperis.

Dated: January 6, 2025

_____
Andrew P. Gordon
Chief United States District Judge

---

[1] I take judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.